**Re: *Carroll* v *Trump*, CA2 No 20-cv-03977**

NOT TO BE DOCKETED

To: the panel (Calabresi, Chin, and Nardini, JJ)
From: Friedrich Lu, pro se   /s/ Friedrich Lu
Date: April 19, 2022
Email address: chi2flu@gmail.com
Address: ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112

District of Columbia Court of Appeals may not have its last word yet. See attached.

CERTIFICATE OF SERVICE
Under penalty of perjury, I certify that on the same day, I serve electronically a copy of this document on the following lead counsel of record:
• Robert A Kaplan, Kaplan Hecker & Fink, LLP 350 Fifth Avenue, Suite 7110, New York, New York 10118 (counsel for Carroll);
• Alina Habba, Habba Madaio & Associates, LLP, 1430 US Highway 206, Suite 240, Bedminster, NJ 07921 (counsel for Trump);
• Carline Van Zile, Solicitor General of District of Columbia, 400 6th Street, NW, Washington, DC 20001 (counsel for amicus District of Columbia);
• Zoe Salzman, Emery Celli Brinckerhoff & Abady Ward & Maazek LLP, 600 5th Ave 10th Floor, New York, NY 10020 (counsel for a group of amici).

1

**Re: *Trump* v *Carroll*, District of Columbia Court of Appeals No 22-SP-745**

To: the *en banc* court
From: Friedrich Lu, pro se    /s/ Friedrich Lu
Date: April 19, 2022
Email address: chi2flu@gmail.com
Address: ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112

CERTIFICATE OF SERVICE
 Under penalty of perjury, I certify that on the same day, I serve electronically a copy of this document on the following lead counsel of record:
・Robert A Kaplan, Kaplan Hecker & Fink, LLP 350 Fifth Avenue, Suite 7110, New York, New York 10118 (counsel for Carroll);
・Alina Habba, Habba Madaio & Associates, LLP, 1430 US Highway 206, Suite 240, Bedminster, NJ 07921 (counsel for Trump);
・Carline Van Zile, Solicitor General of District of Columbia, 400 6th Street, NW, Washington, DC 20001 (counsel for amicus District of Columbia);
・Zoe Salzman, Emery Celli Brinckerhoff & Abady Ward & Maazek LLP, 600 5th Ave 10th Floor, New York, NY 10020 (counsel for a group of amici).

2

(1) To my regret, I was unable to file an amicus brief notwithstanding *Lu* v *Castillo*, US Dist Ct (DDC) No No 22-cv-3683.

(2) Unaware of a controlling Supreme Court's interpretation of federal statutes, this court committed a grievous legal error that threatens to upend or swallow its own decision -- the way tail wags a dog.

(3)
(a) On Apr 13, 2023, this court *en banc* decided *Trump* v *Carroll*, DCCA No 22-SP-745. I do not have the opportunity to read it, except Part IV, which addressed *Council on American Islamic Relations* v *Ballenger* (CADC 2006) 444 F.3d 659. This court stated:

"Its [CADC's] ultimate conclusion that Congressman Ballenger was acting within the scope of his employment rested on undisputed, affirmative evidence in the record that his purpose behind making the allegedly defamatory statements was to serve his constituents and otherwise carry out his legislative responsibilities.

(b) In n 23 immediately followed the preceding quotation, this court went on:

"In this respect, the record before the court in *Ballenger* is materially different than the record as certified to this court, which is disputed by the parties. Although generally the question of whether an employee was acting within the scope of employment must be resolved by a trier of fact, where no reasonable minds could differ (ie, because the record compels only one conclusion), the court may enter judgment as a matter of law as the court did in *Ballenger*.

(4)
(a) However, *Ballenger* did *not* rest its decision "on undisputed, affirmative evidence." In its own words, *Ballenger* stated,

"Based on this certification, the United States moved to dismiss on the *theory* that its name should be substituted for Ballenger's and that the case should be dismissed as barred by sovereign immunity. Both parties briefed the scope of employment issue and conducted limited discovery. On March 29, 2005, the District Court *ruled* that Ballenger was acting within the scope of his employment when he uttered the statement in question. 'To say the least,' the court wrote, 'speaking to the press is a critical part of the expected and authorized conduct of a United States Congressman.' Relying on Ballenger's affidavit, the court also *found* that he 'was acting, at least in part, for the purpose of preserving his effectiveness' as a congressman." 444 F.3d, at 663 (emphases added)

(b)     This court found a distinction between *Ballenger* and the instant case that does not exist. In other words, there is no daylight between the two.

(5)
(a)     To find facts whether then President Trump spoke or acted within scope of employment -- assuming *arguendo* that an elected official such as president is an employee of whatever -- there is no other entity, certainly not a jury, than a trial court judge. *Osborn* v *Haley* (2007) 549 US 225, 251-253 ("who decides").

(b)     Kapla, J, of US Dist Ct (SDNY) was/ is/ and will be the only one capable of ruling on this issue, and he already did, in *Carroll* v *Trump* (SDNY 2020) 498 F.Supp.3d 422.

(c)     Kaplan, J's findings of fact is entitled to deference, subject to Fed Rule Civ Proc 52(a)(6) ("Findings of fact * * * must not be set aside unless clearly erroneous") which places restrictions on Second Circuit and this court (both sitting as law courts).

(d)     It is true that *Osborn* was divided a year after *Ballenger* -- and I note that *Osborn* cited no circuit precedents for its holding (implying the holding was based on Court's rule setting power). However, common law doctrine of ratification might undergird district court's findings of fact in *Ballenger*.

(6) This court indicated lack of *per se* rule. What about guide posts (with reasoning)? (So that trial court -- here Kaplan, J, but never a jury -- may revisit the issue if warranted. Or does a, any trial court have an unfettered free hand to find facts in this regard as long as a government employee makes the speech within Washington, DC -- this court's bailiwick (territorial jurisdiction)? ) I presume Second Circuit desires both -- or any authoritative pronouncement from this court.